LIONEL Z. GLANCY (#134180)
PETER A. BINKOW (#173848)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: info@glancylaw.com

JACOB SABO
THE LAW OFFICE OF JACOB SABO
The Tower, No. 3 Daniel Frisch St.
15th Floor
Tel Aviv, Israel 64731
Telephone: 011 972 3 607 88 88
Facsimile:  011 972 3 607 88 89

Attorneys for Plaintiff and
Proposed Co-Lead Counsel

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YUVAL LAPINER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CAMTEK, LTD., RAFI AMIT and RONIT DULBERG,<br><br>Defendants. | No. C 08-01327 MMC<br><br>**NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 13, 2008<br>Time: 9:00 a.m.<br>Hon. Maxine M. Chesney |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on June 13, 2008, at 9:00 a.m. or as soon thereafter as the matter can be heard, in the courtroom of the Honorable Maxine M. Chesney, situated at 450 Golden Gate Ave., San Francisco, California 94102, Yuval Lapiner ("Movant" hereinafter) will move, and hereby does move, for an order (a) appointing Yuval Lapiner as Lead Plaintiff, and (b) approving Movant's selection of Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo as Co-Lead Counsel for the Class.

Movant seeks appointment as Lead Plaintiff and approval of Lead Plaintiff's choice of counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). This motion is based on this Notice, the attached memorandum of points and authorities, the declaration of Lionel Z. Glancy and the Court's complete files and records in this action, as well as such further argument as the Court may allow at the hearing on this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

Movant respectfully submits the following Memorandum of Points and Authorities in support of his motion for appointment as Lead Plaintiff and approval of Lead Plaintiff's choice of Co-Lead Counsel.

No. C 08-01327 MMC: NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

Page 2

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

I    FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II    PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    Movant Should Be Appointed Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        1.    Movant Filed The Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        2.    Movant Has The Largest Financial Interest In This Action . . . . . . . . . 7

        3.    Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure . . . . . . . . . . . . . . . 8

            a.    Movant's Claims Are Typical . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            b.    Movant Is An Adequate Representative . . . . . . . . . . . . . . . . . . 10

        4.    Movant Is Presumptively The Most Adequate Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    C.    The Court Should Approve Lead Plaintiff's Choice Of Counsel . . . . . . . . . . . 11

IV    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

No. C 08-01327 MMC: NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

- i -

# TABLE OF AUTHORITIES

## **CASES**

*Berger v. Compaq Computer Corp.,*
   257 F.3d 475 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*City of Harper Woods Employees Retirement System v. AXT, Inc.,*
   2005 WL 318813 (N.D. Cal. Feb. 7, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fischler v. Amsouth Bancorporation*,
   176 F.R.D. 583 (M.D. Fla 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gluck v. Cellstar Corp.,*
   976 F. Supp. 542 (N.D. Tex. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Cavanaugh,*
   306 F.3d 726 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*In re Enron Corp. Securities Litigation,*
   206 F.R.D. 427 (S.D. Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Northern Dist of Cal., Dalkon Shield IUD Prod. Lab. Litig.,*
   693 F.2d 847 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Oxford Health Plans, Inc. Sec. Litig.,*
   182 F.R.D. 42 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

*In re Surebeam Corp. Securities Litigation,* Slip Copy,
   2004 WL 5159061 (S.D.Cal. Jan. 5, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Waste Mgmt. Inc. Sec. Litig.,*
   128 F. Supp. 2d 401 (S.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Naiditch v. Applied Micro Circuits,*
   2001 WL 1659115 (S.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Richardson v. TVIA, Inc.,* Slip Copy,
   2007 WL 1129344 (N.D.Cal. April 16, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Takeda v. Turbodyne Techs. Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Wenderhold v. Cylink Corp.,*
   188 F.R.D. 577 (N.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

No. C 08-01327 MMC: NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

- ii -

## **STATUTES AND MISCELLANEOUS**

The Private Securities Litigation Reform Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

15 U.S.C. §§ 78u-4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fed. Rule of Civil Procedure 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

No. C 08-01327 MMC: NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

- iii -

# PRELIMINARY STATEMENT

The instant action is brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. The PSLRA directs the Court to appoint as lead plaintiff the person or group of persons with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. §78u-4(a)(3)(B).

**Appointment of Lead Plaintiff**

Movant Yuval Lapiner has satisfied the PSLRA's procedure for selecting Lead Plaintiff and has established a "rebuttable presumption" that he is the most adequate plaintiff for the Class. Movant will ensure vigorous advocacy; he has suffered substantial losses and believes that he has the largest financial interest in the litigation. Movant's appointment as Lead Plaintiff will ensure that the Class is represented by a member who is motivated, willing and able to monitor Lead Counsel's prosecution of the litigation. Movant satisfies Fed. R. Civ. P. 23(a) and the PSLRA, as Movant's claims are typical of the Class and Movant is an adequate representative. *Naiditch v. Applied Micro Circuits*, 2001 WL 1659115 (S.D. Cal. 2001); *In re Enron Corp. Securities Litigation* 206 F.R.D. 427 (S.D. Tex. 2002); *Takeda v. Turbodyne Techs. Inc.,* 67 F. Supp. 2d. 1129 (C.D. Cal. 1999).

**Approval of Lead Counsel**

The Court should approve Movant's choice of Co-Lead Counsel because he has retained law firms which possess extensive experience in the area of securities litigation and which have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *In re Cavanaugh,* 306 F.3d 726 (9th Cir. 2002).

No. C 08-01327 MMC: NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

- iv -

## I.   FACTUAL BACKGROUND

This is a securities class action on behalf of all persons who purchased or otherwise acquired the common stock of Camtek Ltd. ("Camtek" or the "Company") between November 22, 2005 and December 20, 2006 (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Camtek Ltd. engages in the design, development, manufacture and marketing of automated optical inspection ("AOI") systems and related products. AOI systems are computerized systems which optically inspect various types of electronic product components for manufacturing defects. Camtek's AOI systems are utilized in three industries: (1) printed circuit boards; (2) high-density substrates for interconnection of integrated circuit devices; and (3) semiconductor manufacturing and packaging.

During the Class Period, the defendants issued materially false and misleading statements concerning Camtek's business and financial performance. Plaintiff alleges that the defendants knew but recklessly disregarded and failed to disclose to the investing public that (i) the Company lacked requisite internal controls, and (ii) misrepresented the Company's business and future prospects. Thus, the Company had no reasonable basis to make projections about its financial results. As a result, defendants' Class Period statements concerning the Company's business and future prospects were, at minimum, reckless.

Then, on December 21, 2006, Camtek issued a press release announcing preliminary financial results for fourth quarter 2006. The Company announced that fourth quarter revenue and earnings were expected to be lower than anticipated "due to lower revenues in the semiconductor segment."

This news shocked the market, causing shares of Camtek to plummet $1.28 per share – a more-than-22% drop from the previous day's closing price of $5.77 per share – to close on December 21, 2006 at $4.49 per share on unusually heavy volume of more than 1.4 million shares traded.

No. C 08-01327 MMC: NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

Page 3

Throughout the Class Period, Plaintiff and Class members purchased shares of Camtek at artificially inflated prices, and were damaged as the Company's actual condition and prospects emerged, and the market price of Camtek shares declined thereby.

## II. PROCEDURAL HISTORY

Plaintiff Yuval Lapiner commenced the above-captioned action on March 7, 2008, and on March 10, 2008 counsel for plaintiff published a notice of the pendency of plaintiff's case on *Prime Newswire,* a widely circulated national business-oriented wire service. *See* Declaration of Lionel Z. Glancy In Support of Motion of Yuval Lapiner for Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Co-Lead Counsel (the "Glancy Declaration") at Exhibit A.

Movant brings the instant motion pursuant to his complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the March 10, 2008 notice.

## III. ARGUMENT

### A. Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting Lead Plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice. . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

No. C 08-01327 MMC: NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

Page 4

15 U.S.C. §78u-4(a)(3)(B)(iii). *See also Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate Lead Plaintiff for the Class.

### 1.     Movant Filed The Complaint

On March 10, 2008, counsel for plaintiff Yuval Lapiner, Movant herein, published a notice of the pendency of plaintiff's case pursuant to §21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against defendants herein, and advising purchasers of Camtek securities that they had until May 9, 2008, to file a motion to be appointed as Lead Plaintiff. Glancy Declaration, Exhibit A. Movant files the instant motion pursuant to his complaint and submits herewith his sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Glancy Declaration, Exhibit B. Movants therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

### 2.     Movant Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *Naiditch v. Applied Micro Circuits*, 2001 WL 1659115 (S.D. Cal. 2001). Moreover, courts have recognized that "one goal of the PSLRA is to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being 'lawyer-driven.'" *In re Enron Corp. Securities Litigation,* 206 F.R.D. 427, 438 (S.D. Tex. 2002).

Exchange Act §21D(a)(3)(B) provides that the most adequate Lead Plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class." *See* §21D(a)(3)(B).

Here, Movant purchased 139,386 shares of Camtek stock during the Class Period, and has

No. C 08-01327 MMC: NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

Page 5

suffered losses of $48,190.71. *See* Glancy Declaration, Exhibit C. To the best of his knowledge, Movant believes that he has suffered the largest losses in this case, and thus satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

Because Movant has suffered substantial losses – in excess of $48,000.00 – more than any movant who has timely filed an application for appointment as Lead Plaintiff, Movant is presumptively the most adequate Lead Plaintiff.

### 3. Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Surebeam Corp. Securities Litigation,* Slip Copy, 2004 WL 5159061, *5 (S.D.Cal. Jan. 5, 2004)("At this stage, the district court is to rely on the presumptive lead plaintiff's complaint and sworn certification.")(citing *In re Cavanaugh,* 306 F.3d 726, 731 (9th Cir. 2002)). Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *City of Harper Woods Employees Retirement System v. AXT, Inc.,* 2005 WL 318813, *3 (N.D. Cal. Feb. 7, 2005)("When a court assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy requirements of Rule 23"); *In re Cavanaugh*, 306 F.3d at 730; *In re Waste Mgmt. Sec. Litig.,* 128 F. Supp. 2d 401, 411 (S.D. Tex.

No. C 08-01327 MMC: NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

Page 6

2000); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.")(citing *Gluck v. Cellstar Corp.,* 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla 1997)).

### a.   Movant's Claims Are Typical

The Rule 23(a) typicality requirements is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992); *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001). Rule 23 does not require the Lead Plaintiff to be identically situated with all class members. It is enough that the Lead Plaintiff's situation shares a common issue of law or fact. *See Berger*, 257 F.3d at 480.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Camtek's business and prospects. Movant, like all of the members of the Class, purchased Camtek shares during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. The interests of Movant and other Class members are closely aligned and they are, therefore, typical of the other members of the Class.

### b.   Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs. Inc.*, 67 F.Supp. 2d 1129, 1133 (C.D. Cal. 1999) (*citing In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)). The class

No. C 08-01327 MMC: NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

Page 7

representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda,* 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill 1986). Movant has demonstrated his adequacy as Lead Plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that he is " 'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger,* 257 F.3d at 479. Movant herein has no conflicts of interest with other Class members, and has sustained significant losses from his investments in Camtek securities and is, therefore, extremely motivated to pursue the claims in this action.

Movant has further demonstrated his adequacy as Lead Plaintiff by communicating with counsel, filing this motion, and submitting his sworn certification attesting that Movant is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Glancy Declaration, Exhibit B.

### 4. Movant Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Moreover, Movant has selected and retained competent and experienced counsel to represent him and the Class. *See Richardson v. TVIA, Inc.* Slip Copy, 2007 WL 1129344, *4-*5 (N.D.Cal. April 16, 2007)("The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are

No. C 08-01327 MMC: NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

Page 8

qualified, experienced, and generally able to conduct the litigation"). Accordingly, Yuval Lapiner should be appointed Lead Plaintiff for the Class.

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh,* 306 F.3d at 733. In the present case, Movant has retained Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo to pursue this litigation on his behalf, and will retain these firms as Plaintiff's Co-Lead Counsel, in the event he is appointed Lead Plaintiff. Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumés attached to the Glancy Declaration as Exhibits D and E.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an order appointing Yuval Lapiner as Lead Plaintiff and approving Movant's choice of Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo as Co-Lead Counsel, and granting such other relief as the Court may deem just and proper.

Dated: May 9, 2008      Respectfully submitted,

**GLANCY BINKOW & GOLDBERG LLP**

By:   /s/ ***Lionel Z. Glancy***
    Lionel Z. Glancy
    Peter A. Binkow
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**THE LAW OFFICE OF JACOB SABO**
Jacob Sabo
The Tower No.3 Daniel Frisch St. 15th Floor

No. C 08-01327 MMC: NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

Page 9

```
 1
 2                                        Tel Aviv, Israel 64731
                                          Telephone:   011 972 3 607 88 88
                                          Facsimile:   011 972 3 607 88 89
 3
                                          ***Proposed Co-Lead Counsel***
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

No. C 08-01327 MMC: NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM IN SUPPORT

Page 10

1  LIONEL Z. GLANCY (#134180)
2  PETER A. BINKOW(#173848)
   GLANCY BINKOW & GOLDBERG LLP
3  1801 Avenue of the Stars, Suite 311
   Los Angeles, California 90067
4  Telephone: (310) 201-9150
   Facsimile: (310) 201-9160
5  Email: info@glancylaw.com

6  JACOB SABO
   THE LAW OFFICE OF JACOB SABO
7  The Tower, No. 3 Daniel Frisch St.
   15th Floor
8  Tel Aviv, Israel 64731
   Telephone: 011 972 3 607 88 88
9  Facsimile:  011 972 3 607 88 89

10

11              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| YUVAL LAPINER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CAMTEK, LTD., RAFI AMIT and RONIT DULBERG,<br><br>Defendants. | Master File No. 08-cv-01327-MMC<br><br><br><br>**PROOF OF SERVICE** |

08-cv-01327-MMC
PROOF OF SERVICE

1

**PROOF OF SERVICE BY ELECTRONIC POSTING PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45 AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On May 9, 2008, I served the following by posting such documents electronically to the ECF website of the United States District Court for the Northern District of California:

| | |
|---|---|
| 1 | NOTICE OF MOTION AND MOTION OF YUVAL LAPINER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| 2 | DECLARATION OF LIONEL Z. GLANCY IN SUPPORT OF MOTION OF YUVAL LAPINER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL |
| 3 | [PROPOSED] ORDER GRANTING MOTION OF YUVAL LAPINER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL |

on all ECF-registered parties in the action and, upon all others not so-registered but instead listed below, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California. They are:

**SEE SERVICE LIST**

Executed on May 9, 2008, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Daniel C. Rann*

**Daniel C. Rann**

08-cv-01327-MMC
PROOF OF SERVICE

2

## SERVICE LIST

## Electronically to all ECF-Registered Entities

There are no registered parties as of this date

**By U.S. Mail To All Known Non-ECF Registered Entities**

Camtek, Ltd.
USA Headquarters, PCB Inspection Products
2000 Wyatt Drive, Ste #4
Santa Clara CA 95054
Tel: (800) 986-9540

Rafi Amit
c/o Camtek, Ltd.
2000 Wyatt Drive, Ste #4
Santa Clara CA 95054
Tel: (800) 986-9540

Ronit Dulberg
c/o Camtek, Ltd.
2000 Wyatt Drive, Ste #4
Santa Clara CA 95054
Tel: (800) 986-9540