LIONEL Z. GLANCY #134180
PETER A. BINKOW (#173848)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:    (310) 201-9150
Facsimile:    (310) 201-9160
Email: info@glancylaw.com

Attorneys for Plaintiff Yuval Lapiner
[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| YUVAL LAPINER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CAMTEK, LTD., RAFI AMIT and RONIT DULBERG,<br><br>Defendants. | No. 08-cv-01327-MMC<br><br>NOTICE OF NON-OPPOSITION TO MOTION OF YUVAL LAPINER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL<br><br>Date: June 13, 2008<br>Time: 9:00 a.m.<br>Courtroom 7 |

Proposed lead plaintiff, Yuval Lapiner ("Lapiner" or "Plaintiff"), respectfully submits this Notice of Non-Opposition to his motion for appointment as lead plaintiff and approval of Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo as co-lead counsel.

For the reasons stated herein, Lapiner respectfully requests that the Court vacate the June 13, 2008 hearing, and decide the motion for appointment of lead plaintiff and approval of lead counsel on submission.

I.    **Background**

This is a securities class action on behalf of investors who purchased the common stock of Camtek, Ltd. ("Camtek" or the "Company) during the period November 22, 2005 through December 20, 2006 (the "Class Period").

1
2
3

Camtek engages in the design, development, manufacture and marketing of automated optical inspection systems which inspect various types of electronic product components for manufacturing defects.

4
5
6
7
8
9
10

Plaintiff alleges Camtek and certain of its executive officers participated in a fraudulent scheme and deceptive course of business in violation of the Securities Exchange Act of 1934 (the "Exchange Act"). Specifically, Plaintiff alleges that during the Class Period defendants made material misrepresentations and omissions concerning the business, prospects and financial performance of Camtek, which caused the price of the Company's stock to become artificially inflated, inflicting damages on investors.

11
12
13
14
15

On March 7, 2008, Yuval Lapiner filed the instant action, and on May 9, 2008, Lapiner moved this Court for appointment as lead plaintiff and for approval of his selection of co-lead counsel pursuant to §21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B).  Lapiner's motion for appointment as lead plaintiff is pending.

16

**II.    Yuval Lapiner Has Satisfied The Requirements Of The PSLRA**

17
18
19
20
21
22
23
24

The PSLRA sets forth the procedure for appointment of lead plaintiff in class actions brought under federal securities laws. *See generally* 15 U.S.C. §78u-4.  First, notice of the class action must be published "in a widely circulated national business-oriented publication or wire service" within 20 days following the filing of the class action complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Second, any member of the purported class who wishes to seek appointment as lead plaintiff must file a motion with the court "***not later than 60 days*** after the date on which the notice [was] published." 15 U.S.C. §78u-4(a)(3)(A)(i). (Emphasis added.)

25
26
27
28

Here, notice of the action, *Yuval Lapiner v. Camtek, Ltd., et al.*, No. 08-cv-01327-MMC, was published by Plaintiff's counsel on *Prime Newswire,* a nationally circulated business-oriented wire service, on March 10, 2008 – within the PSLRA-mandated twenty-day deadline following the filing of the action. *See* Docket No. 5, Declaration of Lionel Z. Glancy in Support

No. 08-cv-01327-MMC
NOTICE OF NON-OPPOSITION TO MOTION OF YUVAL LAPINER FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

Page 2

of Motion of Yuval Lapiner for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Co-Lead Counsel ("Glancy Decl."), Exhibit A. Consequently, the first procedural requirement – notice – has been satisfied. Additionally, Lapiner's motion is procedurally proper because it was filed May 9, 2008 – within the 60-day deadline established by the PSLRA to seek appointment as lead plaintiff. *See Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 WL 861694, at *3 (C.D. Cal. April 26, 2001).

The ***only*** lead plaintiff motion pending before the Court is Yuval Lapiner's motion, and the 60-day period in which to move for appointment as lead plaintiff has expired. Thus, no further applications can be filed or considered by the Court, and Lapiner's unopposed motion should be granted pursuant to the PSLRA . *See* 15 U.S.C. §78u-4(a)(3)(B).

The PSLRA provides that the court ***shall adopt*** a rebuttable presumption that "the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that...has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(emphasis added); *see also In re Sprint Corp. Sec. Litig.*, 164 F. Supp. 2d 1240, 1244 (D. Kan. 2001)(holding an unopposed proposed lead plaintiff, having met the statutory elements and with no evidence before the court rebutting the presumption, to be the most adequate plaintiff).

As the only proposed lead plaintiff presently before the Court, it is axiomatic that Yuval Lapiner has the largest financial interest in the relief sought by the class. *See Sprint,* 164 F. Supp.2d at 1243; 15 U.S.C. §18u-4(a)(3)(B)(iii)(I). Further, the Ninth Circuit has reasoned, "[i]f the plaintiff with the largest financial stake in the controversy provides information that satisfies [the requirements of Rule 23], [it] becomes the presumptively most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). As demonstrated by his May 9, 2008 motion, Lapiner unquestionably satisfies the requirements of Rule 23. *See* Docket No. 4, Memorandum of Points and Authorities in Support of Motion of Yuval Lapiner  for Appointment as Lead

Plaintiff and Approval of Co-Lead Counsel, at 6-8.  Moreover, Lapiner has retained counsel with extensive experience prosecuting securities class action litigation. *Id.,* at 9; Glancy Decl., Exhs. D-E. Yuval Lapiner is, therefore, the presumptive "most adequate plaintiff" under the PSLRA because he satisfies all the requirements for appointment as lead plaintiff. *See* 15 U.S.C. §78 u-4(a)(3)(B)(iii)(I); *see also Greebel v. FTP Software,* 939 F. Supp. 57,64 (D. Mass. 1996), *aff'd,* 194 F.3d 185 (lst Cir. 1999); *Squyres v. Union Tex Petroleum Holdings, Inc.,* CV 98-6085-LGB-AIJx, 1998 WL 1144586, at *2-*3 (C.D. Cal. Nov. 2, 1998).

### III.   Conclusion

Based on the foregoing, Yuval Lapiner is presumptively "the most adequate plaintiff" to serve as lead plaintiff in the instant action. Because notice of the filing deadline was timely published, all persons and entities were given an opportunity to be heard or to move for appointment as lead plaintiff in opposition to Lapiner's May 9, 2008 motion. *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  No other person or entity timely moved for appointment as lead plaintiff, no opposition to Lapiner's motion has been filed, and no evidence has been presented to rebut the presumption that Lapiner is the most adequate plaintiff.  Consequently, Yuval Lapiner respectfully requests that the Court: (a) appoint him as lead plaintiff, and (b) approve his selection of Glancy Binkow & Goldberg LLP and The Law Office of Jacob Sabo as co-lead counsel for the class. 15 U.S.C. §78u-4(a)(3)(B)(v).

Because his motion is the only lead plaintiff motion pending before the Court, Yuval Lapiner respectfully requests that the Court vacate the June 13, 2008 hearing and decide the motion for appointment of lead plaintiff and approval of lead counsel on submission.

DATED: June 6, 2008                        Respectfully submitted,

                                           **GLANCY  BINKOW & GOLDBERG LLP**

                                           By:   *s/ Peter A. Binkow*
                                                     Peter A. Binkow
                                                     Lionel Z. Glancy
                                           1801 Avenue of the Stars, Suite 311

1    Los Angeles, California  90067
     Telephone:  (310) 201-9150
2    Facsimile:    (310) 201-9160

3    **THE LAW OFFICE OF JACOB SABO**
     Jacob Sabo
4    The Tower No. 3 Daniel Frisch Street
     15th Floor
5    Tel Aviv, Israel 64731
     Telephone: 011 972 3 607 88 88
6    Facsimile: 011 972 3 607 88 89

7    ***Attorneys for Plaintiff Yuval Lapiner***

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. 08-cv-01327-MMC
NOTICE OF NON-OPPOSITION TO MOTION OF YUVAL LAPINER FOR APPOINTMENT
AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL

Page 5

**PROOF OF SERVICE BY ELECTRONIC POSTING PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45 AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is One Embarcadero Center, Suite 760, San Francisco, California 94111.

On June 6, 2008  I served the following by posting such documents electronically to the ECF website of the United States District Court for the Northern District of California:

1.     **NOTICE OF NON-OPPOSITION TO MOTION OF YUVAL LAPINER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL.**
2.     **CASE MANAGEMENT STATEMENT**

on all ECF-registered parties in the action and, upon all others not so-registered but instead listed below, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.  They are:

<u>**SEE SERVICE LIST**</u>

Executed on June 6, 2008, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Zabella O. Moore*

**Zabella O. Moore**

1
2
3

## SERVICE LIST

4

### Electronically to all ECF-Registered Entities

5
6
 Lionel Z. Glancy
info@glancylaw.com
7
8
Peter A. Binkow
info@glancylaw.com
9
Michael Goldberg
info@glancylaw.com
10
11
## By U.S. Mail To All Known Non-ECF Registered Entities

12
Jacob Sabo
13
Law Offices of Jacob Sabo
The Tower No. 3 Daniel Frisch Street 15th Floor
14
Tel Aviv, Israel 64731
Telephone: 011 972 3 607 88 88
15
Facsimile: 011 972 3 607 88 89
16
17
18
19
20
21
22
23
24
25
26
27
28