IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUVAL LAPINER, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>   v.<br><br>CAMTEK, LTD., et al.,<br><br>              Defendants. | No. C-08-1327 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |

   Before the Court is defendants Camtek Ltd. ("Camtek"), Rafi Amit, Ronit Dulberg, Yotam Stern, and Moshe Amit's motion, filed February 17, 2009, to dismiss plaintiff Yuval Lapiner's Consolidated Amended Class Action Complaint ("CAC").  Plaintiff has filed opposition, to which defendants have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for June 5, 2009, and rules as follows.

   In his CAC, plaintiff alleges claims for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and a claim for breach of fiduciary duty.  Defendants are an Israeli corporation with its principal place of business in Israel (see CAC ¶ 12) and four Israeli individuals (see id. ¶¶ 13-16).  In their motion, they argue, inter alia, that the CAC is subject to dismissal for lack of subject matter jurisdiction.  As set forth below, the Court agrees.

   In an action under the above-referenced statutes, in order for subject matter jurisdiction to be present, there must be "some degree of connection between the fraud and

conduct in, or effects on, the United States."[1]  See Grunenthal GmbH v. Hotz, 712 F.2d 421, 424 (9th Cir. 1983).  "When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."  Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).

      Here, defendants argue that none of the allegedly wrongful conduct occurred in the United States, that plaintiff is a resident of Israel, that he has failed to allege he purchased his shares of Camtek stock on a United States exchange, and that "at most 18.8%" of such stock was traded in the United States.  (See Mot. at 27:12-19.)  In response, plaintiff argues that "Camtek shares were actively traded on the NASDAQ throughout the Class Period" (see Opp'n at 23 n.13) and that defendants' "impl[ication] that plaintiff may well have bought his Camtek shares on a foreign exchange" is "without merit" (see id. at 23:3-7).[2]  In particular, plaintiff argues his "Sworn Certification" of his transactions in Camtek stock, submitted in connection with his motion for appointment as lead plaintiff (see Decl. Lionel Z. Glancy, filed May 9, 2008, Ex. B), is "denominated in dollars" and he "has never indicated at any time that those dollar values were approximate values of foreign exchange transactions" (see Opp'n at 23:8-11).  Further, plaintiff argues, whenever he "has converted foreign currency-denominated values into dollars in this litigation, he has so stated."  (See id. at 23:11-14 (citing CAC ¶ 45).)

      As defendants note, however, plaintiff has alleged that Camtek's stock was "dual-listed on the Tel Aviv Stock Exchange (TASE)" (see CAC ¶ 12), and plaintiff has failed to "make an affirmative statement" in his opposition (see Reply at 15:9), let alone to allege, that he purchased his shares on the NASDAQ, as opposed to the TASE.  Further, the Court is not persuaded that plaintiff's failure to state that the dollar values in the above-

---

[1] Plaintiff does not argue a different standard applies to his breach of fiduciary duty claim.

[2] Plaintiff does not dispute that all of the allegedly wrongful conduct occurred outside the United States or that he is a resident of Israel, nor does he argue that subject matter jurisdiction exists on the basis of the amount of Camtek stock traded in the United States.

referenced certification were converted from a foreign currency indicates he purchased his shares on the NASDAQ.  In particular, although plaintiff notes that, in one instance, in one paragraph of the CAC, prices in a chart attached to the CAC were described as "converted from Israeli shekels" (see CAC ¶ 45), such allegation, contrary to plaintiff's argument, does not suggest that the values in plaintiff's certification, which was submitted over a year ago and at a time when plaintiff was represented by different counsel, were not likewise converted from Israeli shekels.

Because plaintiff has failed to expressly allege or otherwise to show he purchased his shares on a United States exchange, he has failed to demonstrate a basis for subject matter jurisdiction over his claims.  See, e.g., In re SCOR Holding (Switzerland) AG Litig., 537 F. Supp. 2d 556, 562 (S.D.N.Y. 2008) (finding, in action in which shares were traded both on domestic and foreign exchanges, court lacked subject matter jurisdiction over claims of foreign persons who purchased shares on foreign exchange); In re Alstom SA Sec. Litig., 406 F. Supp. 2d 346, 369 (S.D.N.Y. 2005) (noting "effects test," which "concerns the impact of overseas activity on U.S. investors and securities traded on U.S. securities exchanges," has "no bearing in an action involving the claims of foreign purchasers of a foreign company's securities on foreign exchanges") (internal quotation and citation omitted).[3]

Accordingly, defendants' motion to dismiss is hereby GRANTED, and the CAC is hereby DISMISSED, without prejudice to plaintiff's filing a Second Consolidated Amended Class Action Complaint ("SCAC") curing the deficiencies noted.  Any such SCAC shall be filed no later than July 3, 2009.

**IT IS SO ORDERED.**

Dated:  June 2, 2009

MAXINE M. CHESNEY
United States District Judge

---

[3] In light of the above, the Court does not reach defendants' alternative arguments in support of dismissal of the CAC, nor does the Court reach defendants' Request for Judicial Notice of documents offered in support of such arguments.